NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017
Decided November 1, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1211

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16CR00011-001 |
| KEVRYN GAINES-DUKES, *Defendant-Appellant*. | Tanya Walton Pratt, *Judge*. |

## O R D E R

Kevryn Gaines-Dukes transported a 16-year-old girl from Indianapolis to Cincinnati and then to Nashville, and in those cities prostituted her. Police arrested Gaines-Dukes as he was transporting the girl. He pleaded guilty to sex trafficking a minor. 18 U.S.C. § 1591(a)(1). His plea agreement included a waiver of his right to appeal his conviction "on any ground," and also a waiver of his right to appeal his sentence if the judge sentenced him within or below the guidelines range. The district court sentenced him to 156 months' imprisonment, below the guidelines range of 168 to 210 months (based on his offense level of 33 and criminal history category of III), and 15 years' supervised release. Gaines-Dukes filed a notice of appeal, but his appointed appellate counsel has concluded that the appeal is frivolous and moves to withdraw

under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Gaines-Dukes to respond to counsel's motion, but he has not replied. See CIR. R. 51(b). Counsel's supporting brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve, and because the analysis appears to be thorough, we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Gaines-Dukes does not wish to challenge his guilty plea, and thus the lawyer appropriately does not discuss the voluntariness of the plea or the adequacy of Gaines-Dukes's plea colloquy. See FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). It follows, says counsel, that Gaines-Dukes's appeal waiver makes this appeal frivolous. We agree with counsel; because an appeal waiver stands or falls with the guilty plea, *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), Gaines-Dukes's waiver must be enforced. Moreover, counsel has identified no exception that would apply here, see *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014). Indeed, no element of Gaines-Dukes's sentence exceeds a statutory maximum, see 18 U.S.C. § 1591(b)(2), and the judge did not rely on any unconstitutional factor when imposing Gaines-Dukes's sentence.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.